WILLIAM GRAVER

*v.*

ALEXANDER NIMICK *et al.*

*Opinion filed June 19, 1901.*

PLEADING—*when filing of count in trover is not an abandonment of counts in assumpsit.* If the plaintiffs file the common counts in assumpsit, upon which issue is joind, and later file a count in trover which recites that plaintiffs "come and amend the declaration herein by adding the following count," the filing of such additional count is not an abandonment of the former counts, and upon its withdrawal before trial the declaration in assumpsit stands as it was before the count in trover was added.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

ROBERT RAE, and FRY & HYDE, for plaintiff in error.

JAMES EDWARD PURNELL, for defendants in error.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a suit in assumpsit, begun in the circuit court of Cook county by the defendants in error, to recover from the plaintiff in error an alleged balance, amounting to $8781.37, due upon an open account and unpaid notes. The trial was by a jury, resulting in a verdict for that amount in favor of the plaintiffs. The Appellate Court for the First District affirmed the judgment below, and the case is brought here upon writ of error.

The chief assignment of error urged here presents a question of pleading. The plaintiffs below first filed common counts in assumpsit, upon which issue was joined, and later filed an additional count in trover, which was

withdrawn some time before the trial. Upon the hearing
of the case the defendant contended, and it is again in-
sisted here, that the court had no jurisdiction of the case,
for the reason that upon the filing of the count in trover
the plaintiffs thereby abandoned their cause of action in
assumpsit, and therefore, when the count in trover was
afterwards withdrawn, there remained no cause of action
before the court to be tried. This contention is without
merit. The additional count itself recites: "Plaintiffs,
by leave of court first had and obtained, come and amend
the declaration herein, by adding the following count."
This in no sense could be construed as an abandonment
of the former counts, but, as it purports upon its face,
it was only an addition to the counts already on file.
That the counts were inconsistent goes without saying,
but, as said by the Appellate Court in its opinion by Mr.
Justice SEARS, in no event could the filing of the new
count "be held to operate as a discontinuance of the cause
of action presented by the old counts of the *narr.*, to
which the new count was added. The declaration to
which the new count was added still stood, and when
the new count was afterwards withdrawn it left the dec-
laration precisely as it was."

At the conclusion of the evidence the defendant moved
the court to take the case from the jury by instructing it
to find for the defendant. The motion was predicated
upon the assumption that there was no competent evi-
dence introduced by plaintiffs. Facts fairly tending to
support the verdict were testified to by the witness Brunt,
who, although he was not the book-keeper, appears to
have had personal knowledge of the account and the
balance due thereon. Notwithstanding some of the evi-
dence introduced may have been objectionable, yet, aside
from this, there is ample evidence in the record tending
to support the verdict. The cross-examination of the
witness, conducted by defendant's own counsel, elicited
the fact that there remained due from the defendant to

the plaintiffs, after deducting the payments made on the account, $8781.37.

We concur in the holding of the Appellate Court that plaintiff in error had no defense, either upon technical grounds relating to the procedure or upon the merits. The judgment of that court will be affirmed.

*Judgment affirmed.*